UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BEVERLY, #835476,

       Plaintiff,

v.                                 CASE NO. 2:14-CV-14422
                                 HONORABLE VICTORIA A. ROBERTS

WILLIS CHAPMAN, et al.,

       Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    Introduction**

The Court has before it Plaintiff Kevin Beverly's pro se Prisoner Civil Rights Complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Cooper Street Correctional Facility in Jackson, Michigan. He has been granted leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a). In his pleadings, Plaintiff complains about being placed in administrative segregation for an unidentified period of time while he was confined at the Detroit Reentry Center in Detroit, Michigan and alleges a violation of his due process rights. He names Deputy Warden Willis Chapman and Warden Anthony Stewart as the defendants in this action. He seeks monetary damages and other appropriate relief. For the reasons stated herein, the Court summarily dismisses the Complaint and concludes that an appeal cannot be taken in good faith.

**II.    Discussion**

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of

the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

Plaintiff challenges his placement in administrative segregation for an unidentified period of time. He seems to assert that this occurred while he was subject to a disciplinary/criminal investigation which resulted in a parole recision/revocation. A prisoner, however, has no liberty interest in remaining free of disciplinary or administrative segregation, as such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (30 days in administrative segregation did not constitute an atypical and significant hardship); *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (2½ years in segregation during riot investigation did not deprive prisoner of liberty interest without due process); *see also Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation does not implicate a liberty interest sufficient to invoke the Due Process Clause). Placement in administrative segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Consequently, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his pleadings. His Complaint must therefore be dismissed.

### III.     Conclusion

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his pleadings.  Accordingly, the Court **DISMISSES WITH PREJUDICE** his Prisoner Civil Rights Complaint.  The Court further concludes that an appeal from this order cannot be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated:  December 15, 2014